# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MICHAEL REDWINE, | * * * | |
| Petitioner, | * * | |
| v. | * * | CASE NO. 4:07-CV-32 (CDL) |
| | * | 28 U.S.C. § 2254 |
| TONY HENDERSON, | * * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

On January 15, 2002, Petitioner, who is currently serving a sentence in Phillips State Prison, in Buford, Georgia, was found guilty in the Muscogee County Superior Court of malice murder, armed robbery and burglary. Petitioner was sentenced to serve life in prison for the malice murder, a consecutive life sentence for armed robbery, and twenty years for burglary to be served consecutively to armed robbery. Thereafter, Petitioner filed a direct appeal of his conviction with the Georgia Supreme Court. (R-1). On December 1, 2005, the Georgia Supreme Court affirmed Petitioner's convictions. *See, Redwine v. State*, 280 Ga. 58 n.1, 623 S.E.2d 485 (2005). On February 23, 2007, the Petitioner filed the current federal habeas petition, pursuant to 28 U.S.C. § 2254. On July 16, 2007, the Respondent filed his Answer-Response.

## Standard of Review

As amended April 24, 1996, by the Anti-terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254 presently provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that
> (A) the claim relies on –
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence.

In *Williams v. Taylor,* 529 U. S. 362, 120 S. Ct. 1495 (2000), the United States Supreme Court set forth the present standard of review for claims adjudicated on the merits in state courts as established by the AEDPA in regard to state prisoner's applications for a writ of habeas corpus in the federal district courts, stating:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue

2

> only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that
> (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or
> (2) "involved an unreasonable application of . . . clearly established Federal Law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court but unreasonably applies that principle to the facts of the prisoner's case.

*Williams,* 120 S. Ct. at 1523. Justice O'Connor, writing for the majority of the Court, added that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521. In that regard, Justice O'Connor also concluded:

> Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 1522.

### Petitioner's Claims

Petitioner's application for a federal writ of habeas corpus, which is currently before this court, cites six grounds of ineffective assistance of trial counsel for relief. Petitioner alleges that he received ineffective assistance of trial counsel because counsel: 1) failed to

3

pursue valid hearsay and confrontation clause objections to damaging testimony; 2) failed to request a psychological examination, pursue a plea of mental incompetency to stand trial, and pursue a defense of insanity when evidence strongly suggested it; 3) waived objections to admissions, one of which was made as part of a plea agreement and the other which was made in exchange for letting the defendant see his family; 4) failed to object to jury instructions regarding voluntariness of statements; 5) failure to adequately prepare for trial or develop and follow a theory of the case based upon a thorough investigation of the facts; and 6) failure to cross examine witnesses. (R-1, p.5-17).

These claims were raised by Petitioner in his direct appeal to the Georgia Supreme Court where they were decided against him. *See, Redwine v. State*, 280 Ga. 58 n.1, 623 S.E.2d 485 (2005). The state court, in finding that Petitioner's trial counsel was not ineffective, relied on *Smith v. Francis,* 253 Ga. 782, 783 (1), 325 S.E.2d 362 (1985), which utilized the standard set out in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Strickland* held that, at least in regard to trial counsel, a successful claim of ineffective assistance of counsel requires a showing that (1) the attorney's conduct fell below an objective standard of reasonableness, and (2) the attorney's deficient conduct actually prejudiced the Defendant's case. The Supreme Court of Georgia, viewing the evidence in a light most favorable to the verdict, found that trial counsel was not ineffective and clearly articulated such evidence.

As stated above, this court has the authority to grant a writ of habeas corpus where an adjudication made by the state court was contrary to or involved an unreasonable

application of clearly established federal law, as found in *Williams v. Taylor*. Where this court finds that the Petitioner has failed to show any improper determinations made by the state court, however, it is without the authority to disturb the state court's findings.

In the current case, Petitioner has not carried his burden of rebutting the presumption of correctness of the determination of the factual issues regarding his claims of ineffective assistance of trial counsel. There is nothing in the record to suggest that the decision by the Supreme Court of Georgia resulted in a decision contrary to established federal law or was based on an unreasonable determination of the facts. Furthermore, this Court is without authority to disturb the findings of a state court decision which is based on "independent and adequate state procedural grounds." *See, Coleman v. Thompson*, 501 U.S. 722 (1991). Therefore, Petitioner is not entitled to relief on this ground.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 16th day of October, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc